IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLESETTA REDD, individually and )
as next of kin of BRIAN SIMMS, JR., )
deceased, )
             )
      Plaintiff, )
             )
vs. ) Case No. CIV-15-263-C
             )
BIG DOG HOLDING COMPANY, L.L.C. )
d/b/a OKLAHOMA CITY PUBLIC )
FARMERS MARKET; )
365 LIVE ENTERTAINMENT, L.L.C. )
d/b/a 365 LIVE ENTERTAINMENT; )
EVENT SECURITY, L.L.C.; )
CITY OF OKLAHOMA CITY, a )
municipality, ex rel. CITY OF OKC )
POLICE DEPARTMENT; )
WILLIAM CITTY, Chief of Oklahoma )
City Police, individually and in his official )
capacity; and )
PAUL GALYON, individually, )
             )
     Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Big Dog Holding Company, L.L.C.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 27). Plaintiff filed a Response (Dkt. No. 38). Defendant Big Dog Holding Company, L.L.C. d/b/a Oklahoma City Public Farmers Market ("Farmers Market") filed a Reply (Dkt. No. 40). The Motion is at issue.

### I. BACKGROUND

This lawsuit arises out of the death of Plaintiff's twenty-four-year-old son, Brian Simms, Jr. On July 11, 2013, Brian visited Oklahoma City and attended a Chief Keef rap

concert on the premises of Farmers Market. Farmers Market retained Defendant Event Security, L.L.C. ("Event Security") to provide private security for the concert. Event Security and/or Farmers Market hired Defendant Paul Galyon, an off-duty officer for Defendant Oklahoma City Police Department. At some point in the night, Officer Galyon and another off-duty officer, Antonio Escobar, approached Brian who appeared to be sitting "asleep" in a parked car in the parking lot on Farmers Market's premises. Officers Galyon and/or Escobar allege that Brian had a gun in his lap or waistband. Shortly after approaching Brian, Officer Galyon opened fire and shot Brian at least twelve times, causing Brian's death. Plaintiff filed suit on March 13, 2015, alleging that Farmers Market negligently failed to properly train and supervise Officer Galyon and negligently failed to provide a safe environment for Brian. Plaintiff asserts Farmers Market is vicariously liable for Officer Galyon's acts and/or omissions. Plaintiff also alleges that Farmers Market engaged in a joint venture with OKC and, therefore, is liable for Plaintiff's constitutional claims. Farmers Market seeks dismissal of all of Plaintiff's claims.

## II. STANDARD OF REVIEW

The Supreme Court has made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (internal citations omitted). At the dismissal stage, the Court will accept all of Plaintiff's well-pleaded factual allegations as true and view them in the light most favorable to Plaintiffs. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). However, "conclusory allegations that lack 'supporting factual averments are insufficient to state . . . claim[s] on which relief can be based.'" In re Marsden, 99 F. App'x 862, 866 (10th Cir. 2004) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). Dismissal is appropriate when the allegations in the complaint, treated as true, cannot "raise a claim of entitlement to relief." Twombly, 550 U.S. at 558.

III. ANALYSIS

A. State Constitutional Claims Against Farmers Market

Plaintiff's complaint appears to allege violations of Okla. Const. art. 2, §§ 7, 9 & 30. The Court was unable to find and Plaintiff does not cite any Oklahoma case law recognizing a cause of action under § 7 for the injuries alleged. Plaintiff's claim under § 9 must fail as a matter of law because the Oklahoma Constitution's prohibition of cruel and unusual punishment does not apply to arrestees. See Bryson v. Okla. Cnty. ex rel. Okla. Cnty. Detention Ctr., 2011 OK CIV APP 98, ¶¶ 13-14, 261 P.3d 627, 633 ("The constitutional prohibitions on cruel and unusual punishment apply only to those convicted of a crime.") Oklahoma courts have recognized a private cause of action for excessive force against arrestees under § 30. See Bosh v. Cherokee Cnty. Bldg. Auth., 2013 OK 9, 305 P.3d 994.

Plaintiff's complaint also alleges excessive force in violation of the U.S. Constitution pursuant to 42 U.S.C. § 1983; however, the Court dismissed Plaintiff's § 1983 claims for lack of standing in a prior Order (Dkt. No. 47).

Farmers Market argues Plaintiff's claims under Okla. Const. art. 2, § 30 must be dismissed because a remedy is available under the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. § 151, *et seq.* In a previous Order (Dkt. No. 47), the Court agreed with this argument and dismissed Plaintiff's state constitutional claims against Oklahoma City. The key distinction in this motion is that Farmers Market—unlike Oklahoma City—is not a protected entity under the OGTCA. See 51 Okla. Stat. § 152.1(A) ("The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts."). Farmers Market is a private entity, and it relies on this private status to argue that Plaintiff's federal and state constitutional claims must be dismissed because Farmers Market is not a state actor. Therefore, the true issue before the Court is whether Plaintiff's allegations sufficiently state a viable claim against a private entity under the Oklahoma Constitution.

In Wright v. Stanley, No. CIV-11-1235-C, 2015 WL 852402 (W.D. Okla. Feb. 26, 2015), this Court recognized that excessive force claims require state action when the Court dismissed the plaintiff's federal and state excessive force claims because a non-state actor caused the injury. The Court applies the same reasoning here. Okla. Const. art. 2, § 30 is the counterpart to the U.S. Const. amend. IV, and Oklahoma courts, when addressing such claims, have adopted the federal "reasonableness test" set forth in Graham v. Connor, 490

4

U.S. 386 (1989). Bryson, 2011 OK CIV APP 98, ¶¶ 28, 261 P.3d at 638; see De Graff v. State, 1909 OK CR 82, ¶ 4, 103 P. 538, 541 (holding that the substance of § 30 and U.S. amend. IV are "identical"). Graham and similar case law show that excessive force claims are reserved for those factual scenarios where a state actor and not a private citizen has used unreasonable force. Graham, 490 U.S. at 397. Based on this reasoning—and assuming arguendo that Plaintiff has a remedy under Okla. Const. art. 2, § 30—Plaintiff must plead state action to state a viable claim of excessive force against Farmers Market.

Plaintiff does not dispute that it is necessary to plead state action. Rather, Plaintiff argues that she has sufficiently alleged that Farmers Market engaged in a joint venture with Oklahoma City such that Farmers Market is liable for Plaintiff's constitutional claims. Oklahoma law defines a joint venture "as a special combination of two or more persons where in some specific venture a profit is jointly sought without any partnership or corporate designation." LeFlore v. Reflections of Tulsa, Inc., 1985 OK 72, ¶ 12, 708 P.2d 1068, 1072. Establishing a joint venture allows a plaintiff to hold all parties involved in the venture liable under the laws of partnership where no partnership exists. Id. Establishing liability through the laws of partnership is not the equivalent of conferring state actor status upon a party. The Court was unable to find any Oklahoma case law supporting Plaintiff's argument.

Plaintiff argues in the Response (Dkt. No. 38) that she has sufficiently pleaded Farmers Market is a state actor under the state action doctrine. Under the state action doctrine, courts will apply one of the four tests to determine whether a private actor's "conduct allegedly causing the deprivation of a federal right" is "fairly attributable to the

5

State." Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)). Plaintiff cites only federal law in support, and Oklahoma courts have not adopted the federal state action doctrine. See Oklahomans for Life, Inc. v. State Fair of Okla., Inc., 1981 OK 101, ¶ 18, n.15, 634 P.2d 704, 708 n.15, superseded on other grounds as stated in Patmon v. Block, 1993 OK 53, 851 P.2d 539 (applying a state action doctrine test in a free-speech case but holding that Oklahoma courts "are not bound by federal decisions as to state-action requirements under the Fifth or Fourteenth Amendments of the federal constitution"). No Oklahoma courts have addressed whether the state action doctrine can be used to establish an excessive force claim under Okla. Const. art. 2, § 30 against a private entity. The Court finds that the interests of comity and federalism prevent the Court from adopting such a position in this Order.

Based on the reasoning above, Plaintiff's excessive force claim under Okla. Const. art. 2, § 30 against Farmers Market will be dismissed.

B.  Negligent Supervision

Plaintiff alleges Farmers Market negligently failed to train and supervise Officer Galyon. Under Oklahoma law, an employer is liable for an employee's harm to a third party "if–at the critical time of the tortious incident–, the employer had reason to believe that the person would create an undue risk of harm to others." N.H. v. Presbyterian Church (U.S.A.), 1999 OK 88, ¶ 20, 998 P.2d 592, 600. Defendant argues the negligent supervision claim must be dismissed because Plaintiff has failed to allege Farmers Market was Officer Galyon's employer. Plaintiff requests that the Court hold Farmers Market's Motion to

Dismiss in abeyance until more information is gathered regarding what caused the shooting and the hiring of Officer Galyon. Plaintiff can obtain all this information through the normal discovery process. Furthermore, Plaintiff's request is unnecessary because the Court must view the alleged facts and all reasonable inferences in a light most favorable to Plaintiff. Although Plaintiff alleges Farmers Market contracted with Event Security and Event Security hired Officer Galyon, Plaintiff also alleges that Farmers Market "hired and paid" Officer Galyon to perform security and that Officer Galyon was employed by Farmers Market. The Court finds Plaintiff's allegations sufficiently allege that Farmers Market was Officer Galyon's employer at the time of the incident.

"The critical element for recovery [in a negligent supervision claim] is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." N.H. 1999 OK 88, ¶ 21, 998 P.2d at 600. Plaintiff alleges Officer Gaylon was involved in several incidents of misconduct in which Galyon violated Oklahoma City Police Department policies and regulations. Plaintiff also alleges that "[a]s a result of the previous acts and conduct of Defendant Galyon . . . Farmers Market, through their control and supervision, knew or should have known of Defendant Galyon's propensity to cause harm to the public and to violate the rights of individuals such as Brian." (Am. Compl., Dkt. No. 20, at 16.) These allegations sufficiently state a plausible claim to relief.

C. Premises Liability

Plaintiff alleges Farmers Market negligently failed to provide a safe environment for Brian—an invitee on their premises—and failed to protect Brian from Officer Galyon's

7

excessive force. Defendant argues that this premises liability claim must fail because Plaintiff's factual averments do not support the allegation that Brian was an invitee. In premises liability cases, Oklahoma courts apply a "tripartite classification system for assessing landowner liability for injuries sustained on the property"—trespasser, licensee, or invitee. Wood v. Mercedes-Benz of Okla. City, 2014 OK 68, ¶ 5, 336 P.3d 457. Invitees are owed the highest duty of care. Id. An invitee is "one who uses the premises of another for the purpose of a common interest and mutual advantage." Brown v. Nicholson, 1997 OK 32, ¶ 7, 935 P.2d 319. Plaintiff alleges that Farmers Market held a rap concert on its facilities in Oklahoma City and that Brian "attended the Chief Keef concert." (Am. Compl., Dkt. No. 20, at 5 & 7.) The reasonable inferences are that Brian attended with a paid ticket and that Farmers Market had a financial interest in the concert. Plaintiff has sufficiently alleged that Brian was an invitee on Farmers Market's premises when the incident occurred.

D. Respondeat Superior

Plaintiff alleges Farmers Market is vicariously liable for Officer Galyon's conduct under the theory of respondeat superior. "*Respondeat superior* is a legal doctrine holding an employer liable for the willful torts of an employee acting within the scope of employment in furtherance of assigned duties." N.H., 1999 OK 88, ¶ 14, 998 P.2d at 598. As established earlier in this Order, Plaintiff has sufficiently pleaded that Farmers Market was Officer Galyon's employer at the time of the incident. The Amended Complaint contains allegations that Officer Galyon caused Brian's death while acting as private security for Farmers Market; that Farmers Market hired Officer Galyon to provide security services; and that Officer

Galyon's conduct causing Brian's death was done in furtherance of Farmers Market's business interests. These allegations are sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Defendant argues Plaintiff cannot establish that Officer Galyon was acting within the scope of employment for Farmers Market because the only reasonable inference is that Officer Galyon was acting in his official capacity as an Oklahoma City police officer. However, "[t]he question of whether an employee has acted within the scope of employment at any given time is normally a question for the jury, except in cases where only one reasonable conclusion can be drawn from the facts." Nail v. City of Henryetta, 1996 OK 12, ¶ 13, 911 P.2d 914, 918. Viewing the facts and all reasonable inferences in a light most favorable to Plaintiff, Plaintiff's allegations support a reasonable conclusion that Officer Galyon acted within the scope of employment with Farmers Market.

## IV. CONCLUSION

Accordingly, Defendant Big Dog Holding Company, L.L.C.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 27) is GRANTED IN PART and DENIED IN PART. Plaintiff's state constitutional claims against Farmers Market are dismissed. Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Farmers Market were dismissed in a previous Order (Dkt. No. 47) for lack of standing. All other claims remain.

IT IS SO ORDERED this 19th day of August, 2015.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge