IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLESETTA REDD, individually and )
as next of kin of BRIAN SIMMS, JR., )
deceased, )
                                        Plaintiff, )
)
vs. ) Case No. CIV-15-263-C
)
BIG DOG HOLDING COMPANY, L.L.C. )
d/b/a OKLAHOMA CITY PUBLIC )
FARMERS MARKET; 365 LIVE )
ENTERTAINMENT, L.L.C. d/b/a 365 )
LIVE ENTERTAINMENT; EVENT )
SECURITY, L.L.C.; CITY OF )
OKLAHOMA CITY, a municipality, )
ex rel. CITY OF OKC POLICE )
DEPARTMENT; WILLIAM CITTY, )
individually; and PAUL GALYON, )
individually, )
)
                                      Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Oklahoma City's ("City"), Motion to Compel Plaintiff to Respond to Defendant's Written Discovery (Dkt. No. 65). Plaintiff filed a Response (Dkt. No. 67) and Defendant filed a Reply (Dkt. No. 69). The Motion is at issue.

Defendant filed this Motion to Compel responses to Interrogatory Nos. 3 and 8, and Requests for Admissions Nos. 1, 7-10, and 13-14. Plaintiff objected to Interrogatory No. 3 on the ground that it required Plaintiff to provide mental impressions and strategy of counsel in the form of a narrative or outline of evidence. The Court agrees. Defendant's interrogatory is doomed by its language: "Please state all facts known to Plaintiff, which **in**

**any manner whatsoever suggest or infer**" (dkt. no. 65-3 at 2) (emphasis added) preceding a number of statements of fact. This is a question almost impossible to interpret and even harder to respond to appropriately. It is too broad. Defendant is not entitled to any further responses for Interrogatory No. 3. As for Interrogatory No. 8, Plaintiff's responsibilities are set forth in Fed. R. Civ. P 36(a)(4). Plaintiff's answer to Interrogatory No. 8 satisfies the requirement of said Rule. With regard to Defendant's Requests for Admissions, upon review the Court finds Plaintiff's responses sufficient. Defendant may not like them, but they are sufficient. Plaintiff does not need to provide any further response.

Accordingly, Defendant City's Motion to Compel Plaintiff to Respond to Defendant's Written Discovery (Dkt. No. 65) is DENIED. Counsel are cautioned to cooperate, both in discovery and in the "meet and confer" requirement. Because Plaintiff's responses, while technically sufficient, provide little to no information and because Plaintiff failed to cooperate in a good faith conference, the Court finds an award of attorney's fees unwarranted.

IT IS SO ORDERED this 22nd day of December, 2015.

ROBIN J. CAUTHRON
United States District Judge