IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLESETTA REDD, individually and )
as Personal Representative of the ESTATE )
of BRIAN SIMMS, JR., deceased, )
)
                   Plaintiff, )
)
vs. ) Case No. CIV-15-263-C
)
BIG DOG HOLDING COMPANY, L.L.C. )
d/b/a OKLAHOMA CITY PUBLIC )
FARMERS MARKET; )
365 LIVE ENTERTAINMENT, L.L.C. )
d/b/a 365 LIVE ENTERTAINMENT; )
EVENT SECURITY, L.L.C.; )
CITY OF OKLAHOMA CITY, a )
municipality, ex rel. CITY OF OKC )
POLICE DEPARTMENT; )
WILLIAM CITTY, Chief of Oklahoma )
City Police, individually and in his official )
capacity; and )
PAUL GALYON, individually, )
)
                   Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant City of Oklahoma City's Motion to Dismiss Portions of Plaintiff's Second Amended Complaint (Dkt. No. 63). Plaintiff filed a Response (Dkt. No. 66) and Defendant City of Oklahoma City ("OKC") filed a Reply (Dkt. No. 68). The Motion is at issue.

Defendant OKC filed this Motion requesting the Court dismiss portions of Plaintiff's Second Amended Complaint, specifically:

1. Plaintiff's official capacity claims against Defendants Galyon and Citty under federal and state law;

2. Plaintiff's state law claim under the Oklahoma Constitution; and

3. Plaintiff's request for punitive damages against Defendant OKC.

Defendant OKC filed a Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 26) which this Court granted. In that Order, the Court discussed in great length the reasons for dismissal of Plaintiff's claims against Galyon and Citty in their official capacities as well as Plaintiff's state law claim under the Oklahoma Constitution (Dkt. No. 47). Defendant brings this Motion arguing that Plaintiff's Second Amended Complaint (Dkt. No. 56) contains the same claims that were previously dismissed. Plaintiff concedes Defendant OKC's Motion. Plaintiff argues that she has not intentionally made independent official capacity claims or claims under the Oklahoma Constitution, and that her Second Amended Complaint should not be construed as such. Further, Plaintiff concedes that any independent claim for punitive damages against Defendant OKC are prohibited.

It is clear to the Court that it was not Plaintiff's intention to revive these already dismissed claims by the wording used in her Second Amended Complaint. However, out of abundance of caution and clarity, the Court *again*, dismisses Plaintiff's official capacity claims against Defendants Galyon and Citty and Plaintiff's state law claim under the Oklahoma Constitution. The Court also reaffirms that any independent claim for punitive damages against Defendant OKC is prohibited.

Accordingly, Defendant City of Oklahoma City's Motion to Dismiss Portions of Plaintiff's Second Amended Complaint (Dkt. No. 63) is GRANTED.

IT IS SO ORDERED this 28th day of January, 2016.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge