IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLESETTA REDD, individually and )
as Personal Representative of the ESTATE )
of BRIAN SIMMS, JR., deceased, )
 )
                Plaintiff, )
 )
vs. ) Case No. CIV-15-263-C
 )
BIG DOG HOLDING COMPANY, L.L.C. )
d/b/a OKLAHOMA CITY PUBLIC )
FARMERS MARKET et al., )
 )
                Defendants. )

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting claims of negligence and gross negligence against Defendant 365 Live Entertainment, L.L.C. d/b/a 365 Live Entertainment ("Defendant 365") for the deadly shooting of her son at a concert in Oklahoma City. Defendant 365 filed an Answer (Dkt. No. 57) to the Amended Complaint and has since ceased to defend the case. The Court granted Plaintiff's Motion to Deem Facts Admitted as to Defendant 365 for its failure to respond to discovery requests. Now pending with the Court is Plaintiff's Motion for Summary Judgment Against Defendant 365 (Dkt. No. 162) made pursuant to Fed. R. Civ. P. 56(a). Although the time to respond has passed, Defendant 365 has neither filed a response nor sought additional time to respond. The Tenth Circuit has stated the procedure to be followed in this circumstance:

> To summarize, a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary

> judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Following this standard, Plaintiff is entitled to entry of judgment in her favor.

First, the Court will address the negligence claim. To establish the claim, Plaintiff must prove the following: "1) a duty of care owed by defendant to plaintiff, 2) defendant's breach of that duty, and 3) injury to plaintiff caused by defendant's breach of that duty." Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶ 12, 160 P.3d 959, 964. Plaintiff argues that Defendant 365 should be deemed the landowner and Mr. Simms treated as an invitee. This inquiry is not relevant. Defendant 365 is not the landowner; it was merely the entity promoting the entertainment event on the night of the shooting. See Second Am. Compl., Dkt. No. 56, p. 2. Thus, the relevant duty of care Defendant 365 owed to Mr. Simms was "such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person." Lowery, 2007 OK 38, ¶ 13, 160 P.3d at 964. The Court may consider factors to determine whether a plaintiff is entitled to protection. "The most important consideration in determining the existence of a duty of care is foreseeability of harm to the plaintiff. Generally, a defendant owes a duty of care to the plaintiff who is foreseeably

2

endangered by defendant's conduct with respect to all risks that make the conduct unreasonably dangerous." Id. at 2007 OK 38, ¶ 14, 160 P.3d at 964.

Here, the relevant facts are both undisputed and have been deemed admitted by Defendant 365.[*] The facts establish that Defendant 365 owed a duty to Mr. Simms to protect him from the negligent acts of its agents. Undisputed Material Fact ("UMF") No. 17. The police officer, Paul Galyon, was acting within in the course of his employment by Defendant 365 when the shooting occurred. UMF Nos. 7, 10. It was foreseeable that an armed extra-duty Oklahoma City police officer providing security services could discharge his firearm while working within the scope of his employment. UMF No. 22. Paul Galyon breached the duty of care owed and was negligent when he shot and killed Mr. Simms. UMF No. 11. Finally, the Court finds that damages are apparent, and the undisputed facts show that Defendant 365 is liable for $950,000.00 in damages. UMF Nos. 14-16. Accordingly, the Court finds that Plaintiff is entitled to judgment as a matter of law.

Plaintiff's second claim is for gross negligence. Oklahoma Statutes define gross negligence as "the want of slight care and diligence." 25 Okla. Stat. § 6. Gross negligence is the same as a negligence claim, differing only as to the degree. NMP Corp. v. Parametric Tech. Corp., 958 F. Supp. 1536, 1546 (N.D. Okla. 1997). To achieve the higher degree, the complained of actions must be "so flagrant, so deliberate, or so reckless that it is removed

---

[*] "Admissions made by the opposing party pursuant to Rule 36, including default admissions, may be cited in support of or in opposition to a motion for summary judgment to support an assertion that a fact cannot be or is genuinely disputed." 11-56 Moore's Federal Practice - Civil § 56.93 (2016).

3

from the realm of mere negligence." Fox v. Okla. Mem'l Hosp., 1989 OK 38, 774 P.2d 459, 461. The Oklahoma Supreme Court has further explained gross negligence as the following:

> The intentional failure to perform a manifest duty in reckless disregard of the consequences or in callous indifference to the life, liberty or property of another, may result in such a gross want of care for the rights of others and of the public that the finding of a wilful, wanton, deliberate act is justified.

Id.

Here, the complained-of actions are that Defendant 365 "acted in reckless disregard or indifference to the life of Brian Simms by employing armed security and failing to provide and [sic] supervision." (Mot. for Summ. J., Dkt. No. 162, p. 16.) As stated above, the facts show Defendant 365 did act negligently. However, Plaintiff fails to demonstrate how Defendant 365 intentionally failed to perform a manifest duty, namely, providing supervision for a trained police officer. Plaintiff points to no industry standards or examples of companies supervising their security personnel, especially off-duty police officers, that could give rise to a manifest duty for Defendant 365 to do the same. By failing to point to any flagrant, deliberate, or reckless actions, Plaintiff has not met the standard of gross negligence and the Court will not grant judgment as a matter of law.

## CONCLUSION

As set forth herein, the undisputed facts demonstrate Plaintiff is entitled to judgment as a matter of law on the negligence claim and Plaintiff is not entitled to judgment as a matter of law on the gross negligence claim. Accordingly, Plaintiff's Motion for Summary

Judgment Against Defendant 365 (Dkt. No. 162) is GRANTED in part and DENIED in part.

A separate judgment shall issue at the conclusion of the case.

IT IS SO ORDERED this 28th day of November, 2016.

ROBIN J. CAUTHRON  
United States District Judge