IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLESETTA REDD, individually and )
as Personal Representative of the ESTATE )
of BRIAN SIMMS, JR., deceased, )
                                                     )
             Plaintiff, )
                                                     )
vs. )        Case No. CIV-15-263-C
                                                     )
BIG DOG HOLDING COMPANY, L.L.C. )
d/b/a OKLAHOMA CITY PUBLIC )
FARMERS MARKET et al., )
                                                     )
           Defendants. )

## MEMORANDUM AND ORDER

Plaintiff filed a Motion for a Certification of Appealability Pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. No. 207). Defendants Paul Galyon, City of Oklahoma City, and William Citty responded, objecting to Plaintiff's Motion (Dkt. No. 210). The motion is now at issue.

## I. BACKGROUND

On May 3, 2018, this Court entered a Memorandum and Opinion (Dkt. No. 200) and Judgment (Dkt. No. 201). Plaintiff argues that the Court should grant her Rule 54(b) motion for an immediate appeal because her other claims remaining for trial have a discrete legal basis. (Pl.'s Mot., Dkt. No. 207, p. 2.) Defendants argue that certification under Rule 54(b) is not appropriate because all of Plaintiff's claims arise from the same set of facts. (Defs.' Resp., Dkt. No. 210, p. 2.) Defendants also argue that "[n]o matter how Plaintiff's legal theories are characterized, the relief Plaintiff seeks from any defendant requires a

threshold determination that it was inappropriate for Galyon to use deadly force in his encounter with Simms" and as a result, the Tenth Circuit will end up reviewing the issue twice after the outstanding claims are adjudicated. (Defs.' Resp., Dkt. No. 210, p. 6.)

## II. STANDARD

Fed. R. Civ. P. Rule 54(b) outlines the certification process:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Id.

The purpose of Rule 54 "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 Charles A. Wright, Federal Practice and Procedure: Civil § 2645 (3d ed. 1982). As a result "[t]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." Id. at 35. Generally, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973). The Rule 54(b) standard has two prongs. "First, the district court must

determine that the order it is certifying is a final order." Okla. Tpk. Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001). "Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." Id.

## III. DISCUSSION

Under the first prong of the analysis, the Court must determine whether the Judgment is a final order or judgment. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). "[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." Okla. Tpk. Auth., 259 F.3d at 1243. A claim is generally understood to be all the connected elements of a particular case. Id. In this instance, Plaintiff has presented multiple claims that are so factually connected they are almost inseparable. Plaintiff argues that "the complex claims of civil rights violations . . . are distinct from the negligence claims still pending." (Pl.'s Mot., Dkt. No. 207, p. 3.) However, these claims all arise from the same nexus of facts and these claims are not separate and distinct from Plaintiff's unresolved claims.

Plaintiff cannot meet her burden under the first prong of the Rule 54(b) analysis and, as a result, this Court will not grant certification under Rule 54(b).

<u>CONCLUSION</u>

Accordingly, Plaintiff's Motion for a Certification of Appealability Pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. No. 207) is DENIED.

IT IS SO ORDERED this 11th day of July, 2018.

ROBIN J. CAUTHRON
United States District Judge